The next case, number 20-1321, Kevin G. Aubee et al. v. Selene Financial LP et al. At this time, if Attorney Dion would please introduce himself on the record to begin. Good morning, Your Honors, and may it please the Court, Attorney Todd Dion on behalf of the Appellants, Kevin and Carrie Aubee. Please proceed. Your Honors, the Appellants' mortgage and the law of the State of Rhode Island require that prior to acceleration and foreclosure, the appellees send a notice that strictly complies with paragraph 22 of the mortgage, or the foreclosure is void. Paragraph 22 of the mortgage requires that the notice inform the borrower that he or she or they have a right to bring a court action to assert the nonexistence of a default or any other defense to foreclosure. Now, the notice challenged in this case fails to strictly comply with this term of the mortgage because it presents this unequivocal right to bring a court action as an alternative with additional and unnecessary language suggesting that the borrower could wait for, quote, the proceeding to assert the nonexistence of a default. And unbeknownst to the borrower, the proceeding will never occur because the appellee will not undergo any such proceeding in the first place. Now, in analyzing this notice under the standard of strict compliance, which, first of all, does not require a showing of prejudice, and secondly is advantageous to the bank in being able to take someone's home without judicial oversight, it's important to imagine reading this notice from the imaginary homeowner's perspective rather than the bank's and avoid potential deception. If I'm the average homeowner and I read this notice, the notice states on the second page of the notice, page 18 of my addendum, that, quote, you have the right to assert in the foreclosure proceeding the nonexistence of a default and or the right to bring a court action to assert the nonexistence of a default or any other defense to acceleration, foreclosure, and or sale of the property. Now, the fact that the notice uses the word the foreclosure proceeding as opposed to a foreclosure proceeding, that definitively tells me that there is going to be a foreclosure proceeding. So as the imaginary borrower, it's certainly possible that I would rather wait for the proceeding to present my defenses because it would save me the expense of bringing a court action, such as the $400 filing fee it would cost in the district court, and potentially the costs of hiring an attorney to bring a court action. Plus, not bringing an action would possibly leave me with more funds to try to work something out with the bank if the opportunity ever arises. So plausibly, I can imagine a homeowner waiting for the proceeding as suggested by this notice, and that is where the potential deception occurs or could occur. The appellee has a choice not to initiate any proceeding at all, and by the time the homeowner finds out that there will not be any such proceeding, it could be too late. The notice is required to be sent 30 days prior to acceleration and foreclosure, but the homeowner will not know that there will be no proceeding until after he receives the notice and there's going to be a foreclosure by virtue of the statutory power of sale, which is conducted without any proceeding. So are you saying that if the article, the word the, were changed to a, then you would have no bones to pick with the language used? Well, it's still if the definitely is definitive that when I read that, I'm thinking, okay, there's going to be a foreclosure proceeding. But if a foreclosure proceeding, it still suggests that the homeowner could wait and see if a foreclosure proceeding is going to take place, possibly save some money, and then present defenses in response to that proceeding. So the reference to a judicial foreclosure proceeding is not required by paragraph 22 of this notice at all, and I would argue has no business in this notice. So if it had said in a foreclosure proceeding, should one occur, then would you have any complaint about the language? I'm just trying to get, isolate what precisely it is. I would still have a complaint about the language because when I read that, thinking I'm the average homeowner, it would suggest that I could wait to see if a foreclosure proceeding occurs, as opposed to when it says the foreclosure proceeding, then I know, oh, there's definitely going to be a foreclosure proceeding. Wouldn't that be true of the language that paragraph 22 says? You shall inform the borrower of the right to reinstate after acceleration and the right to bring a court action. So if the agreement had said you have a right to reinstate after acceleration and you have a right to bring a court action, the borrower still might not know about the timing. The timing seems to be a separate issue that paragraph 22 doesn't require that you put in the disclosure. I think the key to this disclosure is it's not presenting it as an unequivocal right to bring a court action because it's being presented as an alternative that the homeowner could possibly construe it as waiting. I can wait to see if a foreclosure proceeding will take place, and then I can present my defenses. But by the time the homeowner finds out there isn't going to be a proceeding, there's just going to be a foreclosure by advertisement, and they're going to take the person's home, by that point it's too late. And that is where the concern about the standard of strict compliance being not complied with, especially since the – I'm sorry, Your Honor. So it claims under any disclosure here unless it told you about the 30 days is going to have the problem you're concerned about? Yes. I think there would be a concern in any notice that references the right to bring a court action as an alternative to a right to possibly wait for a proceeding. I think that's the key. The lower court had erroneously compared this case to the Eaton 2 case of the Massachusetts Appeals Court, where the reference to a foreclosure proceeding was not in relation to the right to bring an action, but in relation to the consequences of failing to cure the default by the 30th day. In the Eaton case, there was no potential deception because the reference to a foreclosure proceeding was not presented as an alternative to the unequivocal right to bring a court action as in this case. Could you just tease out why it's too late to bring a judicial action in one of these nonjudicial foreclosures if you wait until after the 30 days or wait until the 30-day notice? Well, at the moment the notice is given, the mortgage contemplates that the homeowner should unequivocally be aware, I have a right to bring a court action, not I have a right to bring a court action, but I could wait to see if there's a foreclosure proceeding. And 30 days later, the loan can be accelerated. Now the homeowner gets the acceleration notice or the foreclosure notice, and by that point they already lost 30 days thinking that they could wait to see if there's a foreclosure proceeding. So why is that too late to bring an action? Well, it's not too late to bring an action, but the homeowner is accruing mortgage payments during that time, the balance is getting higher, and it could be more difficult for the homeowner to try to work something out with the bank. I think it makes a difference whether it's a minimum of 30 days, but sometimes it goes longer. At 30 days in Rhode Island, the statutory power of sale requires another notice 30 days prior to the publication, so then there's another two or three months where the homeowner didn't know, did not know that they could not bring a court action. Or that the statutory power of sale doesn't provide a mechanism for which the homeowner can bring defenses. They can't just show up at the auction, for example, and say, I object to this foreclosure. The notice misleads the homeowner into thinking that there could be a proceeding, or in this case it says the proceeding, so if I'm reading that I'm thinking, yes, I'm going to wait until the proceeding and save some money possibly. I understand the point about deception. I'm just trying to get at how is that not in compliance with paragraph 22. Well, it waters down. If it's not too late to bring the action. It's not too late, but it does water down a right that is supposed to be definitive and unequivocal at the time they get the notice. That notice is required to be given 30 days prior to acceleration. So at the time the person gets the notice, they should be aware, yes, I don't have to wait. I need to have some urgency here and pay the filing fee, hire a lawyer if they have to, and do what they have to do to bring the action. I believe that the right is being watered down here by the additional language. Didn't the notice also, though, in a separate paragraph, tell them that if they haven't cured the default within 35 days, the lender may at its option require full payment and may foreclose by judicial proceeding and sale of the property or invoke the power of sale and any other remedies? Doesn't it warn them that the clock is running? Well, again, it presents the right to bring a court action as an alternative to judicial foreclosure if a judicial foreclosure happens. The question is still open. We don't know from this notice whether or not a judicial foreclosure proceeding is going to take place or not. Right, but you're told you've got 35 days in which to do something. Well, you would have 35 days to cure the default. Or else the lender can invoke the power of sale. And or proceed by a judicial proceeding in which the homeowner is led to believe that they'll be able to present defenses. Well, they could if there were a judicial proceeding, but this also says they could do a sale instead of a judicial proceeding. Yes, but again, it's presented as an alternative, that they could proceed by way of judicial foreclosure and that would lead the homeowner to believe that they have time to wait. I understand the urgency as far as payment goes. That has to do with the payment that that section, Your Honor, had read, that if they don't pay by the 35th day, the bank may proceed by judicial foreclosure or the statutory power of sale. What's really important is the unequivocal right to bring a court action, and I believe that right is being watered down by the additional language that the mortgage didn't require in the first place. So under the terms of the mortgage, the appellant has this, again, unequivocal right to affirmatively bring a court action, rather than an alternative right to present defenses in the proceeding that may never occur. That's chosen by the lender, who very well could have chosen they're going to proceed with the statutory power of sale anyway. So that is why I believe the notice is inaccurate and potentially deceptive. It's inaccurate in the sense that it states the foreclosure proceeding, definitively telling the homeowner that there is going to be a proceeding in which they'll be able to present defenses, but the entire time the bank had no intention of ever bringing a judicial foreclosure, even though they could in accordance with Rhode Island law in the first place. All right, so there's no dispute that Rhode Island law governs the interpretation, correct? Yes, Rhode Island law does govern the interpretation. The lower court had made... Was there ever any discussion about certifying this to the State Supreme Court? No, there was not. And I know the lower court had some criticism about the standard of strict compliance, describing it as controversial, and I would say that this standard is not controversial at all. It's followed in a number of jurisdictions. Hawaii, Alabama, Illinois, Massachusetts, and Rhode Island, and the district court had been following this standard of strict compliance all the time. So I don't think it's a controversial position, and I think that the notice didn't strictly comply with the terms of the mortgage. If there's any other questions at this time, I think I'm done. I don't think there are. Thank you. Thank you, counsel. At this time, would Attorney Precob please introduce himself on the record to begin? Good morning, Your Honors. Attorney John Precob for the FLE, Selene Finance. May it please the Court.  What counsel has failed to inform you of is the fact that no such intent or analysis is required when reviewing a case involving strict compliance with paragraph 22, notice of default. In particular, the Martins decision, which is cited by Judge Sullivan in her report and recommendation, which was a decision from 2016, Chief Justice McConnell of the Rhode Island United States District Court. What does this language mean? You have the right to reinstate after acceleration and the right to assert in the foreclosure proceeding the nonexistence of a default. How does that work? Your Honor, the way it works is, stepping back for a minute on what's important. It doesn't say the right to assert in a judicial foreclosure proceeding. Most foreclosures in Rhode Island are not judicial proceedings. They're not judicial. That's correct, but there is the ability and the right for a mortgagee to bring a state court action to foreclose. And what this language does, I think we're overanalyzing the word the. The fact is that there is the ability for a mortgagee to bring a state court action. If there was a state court action brought, the mortgagee would provide notice by way of a summons to the defendant, mortgagee, or that they're bringing the court action. And they would then have the right to file an answer, propound discovery. But there's also the other foreclosure-type proceeding. That's where the problem, at least in my mind, is coming in. I'm sorry, Your Honor, the other, you mean the nonjudicial? The nonjudicial. Yes, because you clearly don't have a right to exert the nonexistence of default in a nonjudicial proceeding. No, of course not, Your Honor. That's why the language says that you have the right to bring a court action. That's the importance of that language from paragraph 22. As Judge Kayada mentioned, at the top of the second page of the notice of default, there's an additional language that explains how this works, that after the default period has passed, that the bank has the right to accelerate the loan and to either bring an action by way of a state court action, which is the foreclosure proceeding, or to exercise the power of sale. Is there an explanation that makes it clear that the term foreclosure proceeding does not include the nonjudicial foreclosure? Your Honor, it's concluded, it's not explained in the mortgage, of course. There is an understanding in the industry that a foreclosure proceeding would be a state court action. It's not, I would agree, it's not crystal clear. However, I believe that based on the context of the fact that Rhode Island law does allow for a state court action in reviewing this language, the foreclosure proceeding, as opposed to compared to exercising a power of sale, I believe that it is clear from the notice that those are the options that are available. And, again, if this foreclosure proceeding had been started in Rhode Island, in this case, these mortgages would receive a summons, and they would know that they're dealing with a... But there's likely not to be one in Rhode Island. Likely not. It's happening more often, Your Honor. Well, let's just say there are lots where it's done with private sale. Typically, it's the exercise of the power of sale, but there are more... I do know for a fact that there are more state court actions being brought because there's been some controversy regarding a separate issue of law in Rhode Island. Okay, but it doesn't make any difference whether it's 40% or 100%. There's a lot of them. Yes. Okay, so... And this one was one of them. This was a foreclosure by way of power of sale. So it seems you have a paragraph 22 that instructs that this notice shall tell the borrower about two things, the right to reinstate and the right to bring a judicial proceeding. No. Well, the language that's in paragraph 22 actually states the right to bring a court action. There's also, of course, Your Honor... That's a judicial proceeding, right? Court action. No. No. It isn't? It is not. It's the right of the borrower to bring a court action. So in the context of the power of sale, that language... Let's use your language then and we'll pretend we have a court action that isn't a judicial proceeding. So we'll say the notice says you shall inform the buyer of the right to reinstate after acceleration, that's one, and the right to bring a court action. Yes. So that's what your requirement was, to tell people those two things. Yes. Strict compliance would be simply saying you've got those two things. Yes. It appears what happens here is your client decided to tell them about a third thing, which is foreclosure proceedings started by the other side, but you only tell them about one of them, not the two different types. In other words, there's a judicial proceeding foreclosure and there's a sale without a judicial proceeding. You've decided to tell them about the former, and then instead of saying that it's A or one of two, you say B, and that's where the other side is saying you've introduced some confusion because you've now told them something that you were not required to tell them, but you've told them half the story, and then they think they can wait. I disagree. First of all, the confusion and what the subjective intent of the borrower did not be part of the analysis. Martin's decision mentions this. Well, we don't ask about actual confusion, but we certainly ask whether if you've made a deviation from the exact language that you were supposed to comply with, wouldn't you want us to ask whether it's confusing or not? Because otherwise we'd just say it's a deviation you lose. Of course, Your Honor. What comes into the equation is does the language comply with the mortgage? If it deviates, then of course you need to look at that language. I disagree with the fact that our notice, this notice, does not properly advise them of the rights that they have. There's no question that it advises them verbatim that they have the right to bring a court action. That right to bring a court action is in the context of the power of sale. That's the option that a mortgagor has. That's A. That's option A. Option B is if the mortgagee brings a foreclosure proceeding, in this case a state court action, that the mortgagor would have the right to defend himself or herself in that court action. That's specifically referenced in this notice. But you're saying that they can have the right to assert in a foreclosure procedure proceeding without defining what it is, judicial, nonjudicial, the nonexistence of a default. And then you've got an and or. So you're giving them an option in part that doesn't exist because they don't have a right in a nonjudicial foreclosure proceeding to assert that there's been no default. But the notice does not state that they don't have the right to bring a defense to a state. But it says that they have a right to bring a defense in something that doesn't exist. It would exist if the mortgagee exercised their right to bring a state court action. It would exist. But it doesn't exist in the context of a nonjudicial procedure, and this doesn't define that. It's distinct from the beginning of the sentence. It's distinct by saying you have the right to bring a defense to a foreclosure proceeding. The other option is that you can bring a court action in the context of it states the right to bring a court action to assert the nonexistence of a default or any other defense to acceleration. Foreclosure is sale of the property. Sale of the property is power of sale, selling the property. Whereas your defense in the context of foreclosure proceeding is an actual action brought against you. Let's try it practically in real world terms. Suppose you're a borrower and you believe in good faith that you've got a pretty good defense to the claim that you're in default. In Rhode Island, if you get a notice of default and you believe you've got a defense, what's the one thing you absolutely have to make sure you do? Isn't that you need to commence judicial proceeding within 35 days? No, Your Honor. Because if you don't and just sit there, then once the day is run, the lender could do a nonjudicial sale. No. The right to cure, once the right to cure is passed, in this case 35 days, the loan is accelerated. At that point, either the bank is filing a state court action, foreclosure proceeding, or they're exercising the power of sale and they're providing notice to the borrower of the fact that they are going to foreclose. Typically, and I think the court should know. But when they provide that additional notice, they don't have a right at that point to cure, do they? No. A non-default? This is not just about curing. I think we need to separate the two. The right to cure is the right to cure. But I'm saying they don't have a right to assert a non-default after 35 days. They have the right to assert a defense to act. In a nonjudicial proceeding, they don't have the right to assert a non-default. They have the right to bring a court action. That's the distinction. So you're saying they can wait until they get a notice in the mail saying there's going to be a nonjudicial sale. Let's assume we're going to have a nonjudicial sale here. I think what I hear you saying now is they could wait until they get the notice of the nonjudicial sale and then commence a proceeding. Of course. Yes, and that's what this says. And how much time would they have to do that? Practically speaking, once the 35 days has passed, you have to provide a notice of acceleration after the notice of default, by the way, and then there is a notice of the foreclosure that's published. They have to schedule the auction. How much time is there? I would say approximately 60 to 90 days. The fact is they have the right to bring an action, and they bring actions all the time. Borrowers in Rhode Island and Massachusetts bring actions all the time. That's what this is. I mean, it was post-foreclosure, but I deal with cases all the time that are brought prior to the foreclosure. I also have a case in Rhode Island, federal court in Rhode Island, where the prior counsel, we inherited the case, brought a federal court action to foreclose, and the defendant, the mortgagor, filed an answer. So they both happened in Rhode Island, and we contend that we've done more than we're required to do. We were trying to help the borrower even more by advising them. Well, can I just, if you don't mind, if I can ask a question relevant to something that your brother counsel argued today, and I'm going to try to summarize what he was saying. The suggestion there is that this language about the foreclosure proceeding seduces the mortgagor into thinking that there is going to be a foreclosure proceeding, and so they've got two options. They can wait for that proceeding and then bring their defense, or they can affirmatively go out and file an action. And because they think they have those two options, they're seduced into waiting an additional period of time, so they lose valuable time when they should be acting. So what do you make of that argument? I disagree, Your Honor. As you asked my brother, can't they file an action after the right to cure period? And they can't. They have approximately 60 to 90 days to file an action to challenge the foreclosure. And, again, as I stated, it happens all the time. I deal with these cases all the time. Are you saying that even if, when reading the notice, someone might mistakenly think that there's going to be a judicial foreclosure proceeding, they can't be harmed by that because if there is no judicial proceeding, there will be notice of the private sale, of the nonjudicial sale, that they'll get with 60 to 90 days in advance of the sale. So if they were misled, it could never lead them to be harmed. Is that what you're saying? Yes, Your Honor. I think that's accurate. Notwithstanding that, I don't believe there's anything in the language in this notice that prevents a borrower, mortgage borrower, from bringing a court action before the 35 days has passed. There's nothing that prevents that. And, again, it happens all the time that we have actions filed within the cure period, after the cure period, just prior to the foreclosure. It comes down to a borrower, of course, looking for counsel, in which they do. And once they speak to and get some counsel, it's very clear that they have certain rights to defend and or bring a court action to protect themselves. You just said defend and or bring a court action. That suggests that you could do one or the other. It gives both options in the language in this notice, Your Honor. It gives both options. Well, it says you have the right to do X and or the right to do Y. It doesn't say you have the right to do X and or Y. So how would you read that then? When you say you have the right to do one thing and or the right to do another, doesn't that suggest that you can do one or the other? Well, the and means that you could do both. It depends on the situation. And the or also says that you can. Then why is the or in there? Your Honor, what I would say is that it's trying to cover all bases to make sure that the borrower understands that they can do either. It depends on what the situation is, whether it's a foreclosure by power of sale or whether it's a foreclosure proceeding by way of a state court action. Any other questions? Oh, I have time. Excuse me. Just to step back for a minute. Are you still using the same form? I believe they are, Your Honor, yes. Yes, that's my understanding. With regard to the – I just wanted to, again, focus on. I think your time is up. Oh, I apologize. I saw that the timer was still moving. Thank you. All right. Thank you. That concludes argument in this case.